UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

ROSE RILEY, GUARDIAN
OF P.T., A MINOR
    PLAINTIFF

-vs-            Case No. 5:13-CV-195

WILBAR INTERNATIONAL, INC. and
BLUE WORLD POOLS, INC., f/k/a
POOL DEPOT INC.,        Honorable Danny C. Reeves
    DEFENDANTS
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF GENERAL MOTIONS *IN LIMINE*: NO. 1 - 14

   Plaintiff, by and through her attorneys, Rapoport Law Offices, P.C., and pursuant to the applicable Federal Rules of Evidence and applicable Kentucky state law, respectfully move for an order *in limine* to prohibit evidence, argument, comments and references as set forth in Motions *in limine* no. 1 – 14, and in support thereof submit the following memorandum of law:

   1.  **Evidence of Collateral Source Payments**

   Collateral source benefits "have no bearing on the plaintiff's *right* to recover such damages." O'Bryan v. Hedgespeth, 892 S.W.2d 571, 576 (Ky. 1995)(emphasis in original). The party causing the injury must bear the full cost of the injury, regardless of any compensation received by the injured party from an independent or collateral source. Baptist Healthcare Sys. v. Miller, 177 S.W.3d 676, 683 (Ky. 2005). Evidence of collateral source payments or contractual allowances is inadmissible. See O'Bryan at 578 (declaring unconstitutional the Kentucky statute

allowing the admissibility of evidence of collateral source payments other than life insurance). Thus, any evidence or testimony relating to collateral source payments in the past or possible collateral source payments in the future must be barred.

2. <u>Reference to "Present Value" or "Inflation Rate" or "Discount Rate"</u>:

The elements of present value and inflation totally offset each other, and such evidence is both irrelevant and potentially confusing to jurors. FED. R. EVID. 401, 403, <u>Paducah Area Public Library v. Terry</u>, 655 S.W.2d 19 (Ky. App. 1983); <u>Howard v. Chesapeake & O.R. Co.</u>, 812 F.2d 282 (6th Cir. 1987)("We think it unnecessary [that] the jury would be told that it could take into account the possibility of future inflation and that projected future earnings must be discounted to their present value. Advice from the trial court as to these two countervailing considerations would have added little or nothing to the jury's deliberations, because [the] evidence indicated that inflation in projected earnings is "washed out" by the inflation component of the interest rate used in present value calculations, and inflation therefore makes no difference in the determination of the value of future earnings."). Further, the Court should preclude any reference or cross-examination at trial inferring or stating that the "total offset" method used in Kentucky to determine economic loss is somehow inaccurate, wrong or incomplete.

3. <u>The Tax Consequences of a Damage Award</u>

The tax liability of a plaintiff is not relevant to the case. It cannot be inquired into on cross-examination or submitted to the jury for consideration in making the award. <u>Paducah Area Public Library v. Terry</u>, 655 S.W.2d 19 (Ky. App.

1983), FED. R. EVID. 401. "To inject the incidence of the ever changing tax scheme, federal or state, into a jury damage trial would lead the jury into a hopeless quagmire of confusion and conjecture"). Paducah Area Public Library citing Louisville & Nashville Railroad Co. v. Mattingly, 318 S.W.2d 844 (Ky. 1958).

4. The Exclusion of Non-Party Witnesses from the Courtroom

Plaintiff hereby moves *in limine* and pursuant to Federal Rule of Evidence 615 for an order prohibiting non-party witnesses, including expert witnesses, from the courtroom during the testimony of the witnesses preceding them, and to bar counsel from providing non-party witnesses with accounts or transcripts of courtroom testimony. Rule 615 permits, at a party's request, witnesses to be excluded from hearing other witnesses' testimony provided the person's presence is not "essential" to the presentation of the party's claim or defense. An "essential" person is an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." United States v. Phibbs, 999 F2d 1053, 1073 (6th Cir. 1993). Neither Defendants nor Third Party Defendants have demonstrated that any non-party witness is "essential" as contemplated by the rule, therefore all non-party witnesses should be excluded from the courtroom during the testimony of the witnesses preceding them, and to bar counsel from providing non-party witnesses with accounts or transcripts of courtroom testimony.

5. Failure to Mitigate Damages

There is no evidence in this case that P.T. was negligent in securing medical attention or in otherwise failing to mitigate his damages. Defendants and Third-

3

Party Defendants have not disclosed any physician to give any such opinion. Accordingly, they should be barred from making any reference or argument suggesting that P.T. failed to mitigate his damages. See, e.g., Morgan v. Scott, 291 W.W.3d 522 (Ky. 2009)(holding there was a lack of direct expert testimony to support a mitigation instruction).

6. Other Causes for Medical Care or Treatment

14 year old P.T. sustained serious and permanent injuries including quadriplegia in this case after diving into Defendants' pool, and he has required extensive and constant medical care since that date. Defendants and Third-Party Defendants have produced no evidence that P.T.'s medical care and treatment from July 10, 2012 to present has been necessary for reasons other than because of the incident of July 10, 2012. Accordingly, they should be prohibited from introducing any evidence or making any reference or argument suggesting that P.T.'s treatment after July 10, 2012 was necessitated by anything other than the incident. See, e.g., Jarboe v. Harting, 397 S.W.2d 775 (Ky. 1965).

7. Mention of P.T.'s State Court Lawsuit

Plaintiff has filed another lawsuit relating to the subject incident which is currently stayed under the caption "Rose Riley, Next Friend of P.T., a Minor v. Ignacio Perez, Chilton's Lawn & Maintenance L.L.C., Harold Chilton and Rebecca Chilton, Mercer Circuit Court Civil Action No. 12-CI-306." Any reference to the Kentucky state court action should be barred pursuant to Federal Rules of Evidence of 401, 402, and 403. Assuming *arguendo* that the state court lawsuit has any

relevance, Rule 403 states relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. A court should exclude evidence as confusing if "the proffered evidence puts [the other party] in the dilemma of choosing between accepting an unfair inference or offering a harmfully confusing rebuttal." Rogers v. Wal-Mart Stores, No. Civ. 1:06-cv-84, 2008 U.S. Dist. LEXIS 19840 (E.D. Tenn. Mar. 6, 2008) (citing 22 Charles Alan Wright and Kenneth W. Graham Jr., Federal Practice and Procedure: Evidence 5216 (1978)).

Reference to the state court action carries a substantial risk of unfair prejudice by confusing the issues about who Plaintiff is suing in the instant lawsuit as compared to the state court lawsuit and why, confusing the jury about whether the Plaintiff is making an inconsistent claim, and misleading the jury into believing the Plaintiff is seeking to obtain a double recovery. Accordingly, any such references are highly and unfairly prejudicial and must be barred. See Ross v. Am. Red Cross, 2012 U.S. Dist. LEXIS 77475 (S.D. Ohio June 5, 2012) aff'd 567 Fed. Appx. 296 (6th Cir. 2014) (finding evidence of other filed lawsuits inadmissible pursuant to Federal Rules of Evidence 402 and 403); see also Outley v. New York, 837 F.2d 587, 595 (2d Cir. 1988)(barring evidence of prior lawsuits because it invites "detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of issues.").

8. <u>When Plaintiff Retained Counsel</u>

When the Plaintiff retained counsel is not a fact of consequence in the determination of any issue in this action and is therefore irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402. Furthermore, suggesting that P.T. and his family promptly retained counsel after the incident could be considered improper character evidence suggesting that the plaintiff or his family are litigious in character. FED. R. EVID. 404(a). Lastly, the probative value of any evidence regarding when counsel was obtained for P.T. is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and may mislead the jury. Therefore, it is inadmissible pursuant to Federal Rule of Evidence 403 and should be barred.

9. **What Plaintiff Will Do With Money Awarded**

If the jury finds for the plaintiff the jury will "determine from the evidence and award him a sum of money that will fairly and reasonably compensate him" for his damages. See, e.g. John S. Palmore and Ronald W. Eades, KENTUCKY INSTRUCTIONS TO JURIES, Vol. 2, § 39.02. In this case, Plaintiff and Defendant have expert life care planners who will present evidence concerning the sum of money necessary to fairly and reasonably compensate P.T. for his past and future medical needs. Such evidence is appropriate and consistent with the law. However, any comment or suggestion concerning what the Plaintiff (or his family) may do with the money not based in evidence would be irrelevant to the issues and highly prejudicial and should be barred pursuant to Federal Rules of Evidence 401, 402 and 403.

To illustrate, expert evidence that P.T. will need certain services in the future and they will cost a certain amount is proper, whereas counsel suggesting P.T. or his family may actually use money awarded for another purpose is improper and highly prejudicial. Moreover, the distribution of funds awarded to P.T., a minor, are likely to be subject to the approval of a probate court judge. A court should exclude evidence as confusing if "the proffered evidence puts [the other party] in the dilemma of choosing between accepting an unfair inference or offering a harmfully confusing rebuttal." Rogers v. Wal-Mart Stores, No. Civ. 1:06-cv-84, 2008 U.S. Dist. LEXIS 19840 (E.D. Tenn. Mar. 6, 2008) (citing 22 Charles Alan Wright and Kenneth W. Graham Jr., Federal Practice and Procedure: Evidence 5216 (1978)).

10. **That Plaintiff is Asking for Greater Damages than they Expect to Receive**

Any comment or argument suggesting that the plaintiff and/or plaintiff's attorneys are asking the jury for a greater amount of monetary damages than they actually expect to receive from an award by the jury should be barred. Such a contention is not based on evidence and courts have held such arguments improper. See e.g. Kallas v. Lee, 317 N.E.2d 704 (Ill. App. Ct. 1974); Carlasare v. Wilhelmi, 479 N.E.2d 1073, 134 Ill. App. 3d 1 (Ill. App. Ct. 1985).

11. **The Financial Condition of Defendants**:

[E]vidence as to the poverty or wealth of a party to an action is inadmissible in a negligence action." Maday v. Pub. Libraries, 480 F.3d 815, 818 (6th Cir. 2007).

12. **Defendants' Inability to Pay a Judgment**

Any evidence or argument regarding a Defendants' ability to pay a judgment against him is improper. Dunlap v. King, 2009 U.S. Dist. LEXIS 60757 (M.D. Tenn. July 15, 2009)(citing Maday v. Pub. Libraries, 480 F.3d 815, 818 (6th Cir. 2007)).

13. Tort Reform or Public Burden

Any evidence or argument that there is a need for tort reform, or that personal injury awards are generally too high, or that products liability cases have adverse consequences for the public such as hurting the economy, increasing the cost of goods, driving up insurance rates, or driving manufacturers out of business is misleading and irrelevant to any issue in this case. Argument of this type has nothing to do with the issues to be decided by the jury in this case and has no probative value. This type of argument only injects irrelevant, inflammatory and prejudicial issues into this case and should be barred pursuant to Federal Rules of Evidence 401, 402, and 403.

14. Uncalled Lay Witnesses and Treating Physicians

A party is prohibited from asking the jury to draw an inference from another party's failure to call a particular witness whom either party could have called to the stand. Roberge v. Hannah Marine Corp., 1997 U.S. App. LEXIS 21655 (6th Cir. Mich. Aug. 13, 1997). Accordingly, any comment or suggestion that uncalled lay witnesses or treating physicians would have provided adverse testimony to the Plaintiff should be barred.

/s/ Michael L. Teich
One of plaintiff's attorneys

David E. Rapoport
Michael L. Teich
Joshua L. Weisberg
Rapoport Law Offices, P.C.
20 N. Clark, Suite 3500
Chicago, Illinois 60602
312-327-9880
312-327-9881 - fax
drapoport@rapoportlaw.com
mteich@rapoportlaw.com

Eric P. von Wiegen
4804 Sorrell Way
Lexington, KY 40514
859-338-1604
epvw@msn.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, foregoing was electronically filed with the U.S. District Court Clerk, Eastern District of Kentucky, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Respectfully submitted,

/s/ Michael L. Teich
One of Plaintiff's Attorney's

Michael L. Teich
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
(312) 327-9880
(312) 327-9881 (fax)
Email: mteich@rapoportlaw.com