UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

ROSE RILEY, GUARDIAN
OF P.T., A MINOR
    PLAINTIFF

-vs-            Case No. 5:13-CV-195

WILBAR INTERNATIONAL, INC. and
BLUE WORLD POOLS, INC., f/k/a
POOL DEPOT INC.,       Honorable Danny C. Reeves
    DEFENDANTS
_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 35 TO BAR THOMAS J. DAWSON III

  Plaintiff, by and through her attorneys, Rapoport Law Offices, P.C., and pursuant to the applicable Federal Rules of Evidence and applicable Kentucky state law, respectfully move for an order *in limine* to bar the testimony of Wilbar International Inc.'s witness Thomas J. Dawson III. Mr. Dawson is an attorney specializing in insurance and benefits law who has been disclosed for the sole purpose of explaining to the jury the availability and cost of health insurance to cover P.T.'s ongoing and future medical needs. Ex. A, Dawson's Insurance Coverage Analysis and Summary Report.

  For the reasons set forth in plaintiff's Motion in Limine No. 1 this evidence must be barred in its entirety because it violates the rule against admission of evidence of collateral sources. Collateral source benefits "have no bearing on the plaintiff's *right* to recover such damages." O'Bryan v. Hedgespeth, 892 S.W.2d 571, 576 (Ky. 1995)(emphasis in original). The party causing the injury must bear the

full cost of the injury, regardless of any compensation received by the injured party from an independent or collateral source. Baptist Healthcare Sys. v. Miller, 177 S.W.3d 676, 683 (Ky. 2005). Evidence of collateral source payments or contractual allowances is inadmissible. See O'Bryan at 578 (declaring unconstitutional the Kentucky statute allowing the admissibility of evidence of collateral source payments other than life insurance). Thus, any evidence or testimony relating to collateral source payments in the past or possible collateral source payments in the future must be barred.

Wherefore plaintiff respectfully requests an order barring Mr. Dawson from testifying at trial.

/s/ Michael L. Teich
One of plaintiff's attorneys

David E. Rapoport
Michael L. Teich
Joshua L. Weisberg
Rapoport Law Offices, P.C.
20 N. Clark, Suite 3500
Chicago, Illinois 60602
312-327-9880
312-327-9881 - fax
drapoport@rapoportlaw.com
mteich@rapoportlaw.com
jweisberg@rapoportlaw.com

Eric P. von Wiegen
4804 Sorrell Way
Lexington, KY 40514
859-338-1604
epvw@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, foregoing was electronically filed with the U.S. District Court Clerk, Eastern District of Kentucky, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Respectfully submitted,

/s/ Michael L. Teich
One of Plaintiff's Attorney's

Michael L. Teich
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
(312) 327-9880
(312) 327-9881 (fax)
Email: mteich@rapoportlaw.com